Karen S. Spicker, SBN 127934
Doan Law Firm, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008
Phone (760) 450-3333 • Fax (760) 720-6082
karen@doanlaw.com

Attorney for Debtors/Plaintiffs
Roger Huu Ma and Terri Entzminger-Ma

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re: | **Case No.      08-03586-PB7** |
| ROGER HUU MA and<br>TERRI ENTZMINGER-MA | **Chapter      7** |
| Debtors, | **AP No.** |
| | **ADVERSARY PROCEEDING SEEKING TO SET ASIDE PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C §522(h) and 11 U.S.C. §547** |
| ROGER HUU MA and<br>TERRI ENTZMINGER-MA, | |
| Plaintiffs, | |
| vs. | |
| LASALLE BANK NATIONAL ASSOCIATION, its successors and/or assigns | |
| Defendants. | |

# I.

## INTRODUCTION

1.    Debtors/Plaintiffs, Roger Huu Ma and Terri Entzminger-Ma, (hereinafter "MA" and/or "PLAINTIFFS"), bring this Adversary Proceeding against DEFENDANT LA SALLE BANK NATIONAL ASSOCIATION, (hereinafter "LA SALLE" and/or "DEFENDANT") arising from an involuntary prepetition recording of a Judgment Lien, and seeking an order, setting aside and rendering unenforceable said lien, and such other relief as the court deems just and proper.

# II.

## JURISDICTION

2.    Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. §1334 in that this proceeding arises from and is related to the above captioned case under Title 11.

3.    This Court has both personal and subject matter jurisdiction to hear this case pursuant to Chapter 7 of Title 11 of the United State Code (the "Bankruptcy Code"), pursuant to 28 U.S.C. §§ 1334 and 157(b)(2), respectively.

4.    This Court also has jurisdiction pursuant to 28 U.S.C. §1331 in light of the Federal Subject Matter of 11 U.S.C. §§ 522 and 547.

5.    This matter is primarily a core proceeding under 28 U.S.C. §157, and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, PLAINTIFFS consent to the entry of a final order by the Bankruptcy Judge. This adversary proceeding is proper in that it seeks injunctive and equitable relief pursuant to Rule 7001, et. seq. of the Federal Rules of Bankruptcy Procedure.

6.    Venue lies in this District pursuant to 28 U.S.C. §1391(b).

///
///
///

### III.

### PARTIES

7.  PLAINTIFFS reside in Chula Vista, California, and are Debtors under Title 11, of the United States Code.

8.  PLAINTIFFS are informed and believe and thereon allege that DEFENDANT is in the business of issuing and/or servicing mortgage loans on a nationwide basis, including to individuals residing in the County of San Diego, State of California.

9.  PLAINTIFFS are informed and believe and thereon allege that DEFENDANT, is an Illinois corporation and/or some other unknown type of business entity.

10. For purposes of this Complaint, unless otherwise indicated, "Defendant(s)" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant(s) herein.

11. The Defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

12. Plaintiffs are unaware of the true names and capacities of Defendants DOES 1-10, inclusive.  Plaintiffs are informed and believe and thereon allege that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore.  When the exact nature and identity of each fictitious Defendant's responsibility for the matters and things herein alleged are ascertained by Plaintiffs, the same will seek to amend this complaint and all proceedings to set forth the same.

### IV.

### FACTS

13. On February 15, 2008, Ma retained Doan Law Firm, LLP, to file a Chapter 7 bankruptcy.

14. Prior to the bankruptcy filing, on January 4, 2008, DEFENDANT had obtained a mortgage deficiency judgment against debtors in the amount of $697,484.32.

15.     On April 7, 2008, DEFENDANT recorded an Abstract of Judgment against DEBTORS, thereby obtaining a Judgment Lien against PLAINTIFFS' real properties. See Exhibit "A".

16.     On April 30, 2008, **(23) days later**, Plaintiffs filed for Chapter 7 Bankruptcy. Defendants were served with a copy of Plaintiffs' petition, as evidenced by the certificate of service, attached hereto as **Exhibit A** and incorporated herein.

17.     At the time of filing the bankruptcy case, PLAINTIFFS owned and scheduled three pieces of real estate, all with mortgages in excess of value. A true and correct copy of Schedule A is attached hereto as **Exhibit B** and incorporated herein. Those properties are:

    A.     1484 Bradley Place, Chula Vista, CA 91911, worth $475,000, with $476,000 in mortgage claims.

    B.     5320 Lea Street, San Diego, CA 92105, worth $292,500, with $306,000 in mortgage claims

    C.     916 Winston Drive, San Diego, CA 92114, worth $310,000, with $420,991.80 in mortgage claims.

18.     Pursuant to 11 U.S.C. §522(h), Debtors could have exempted the right to avoid the Judgment Lien of Defendant.

19.     At the time of filing the bankruptcy case, PLAINTIFFS were insolvent, as evidenced by the Summaries of Liabilities, page 9, of Plaintiffs' Petition for Bankruptcy, attached hereto as **Exhibit C** and incorporated herein.

20.     Plaintiffs' Chapter 7 Bankruptcy case was discharged on July 29, 2008. Defendant was served with a copy of the same, as evidenced by the certificate of service, attached hereto as **Exhibit D** and incorporated herein.

/ / /

/ / /

/ / /

/ / /

# V.

## FIRST CAUSE OF ACTION

### AVOIDANCE OF TRANSFER

#### 11 U.S.C. §547; 11 U.S.C. §522(h)

21. PLAINTIFFS reallege and incorporate by reference the above paragraphs as though set forth fully herein.

22. 11 U.S.C. § 547(b) provides:

> *[T]he trustee may avoid any transfer of an interest of the debtor in property-*
> *(1) to or for the benefit of a creditor;*
> *(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;*
> *(3) made while the debtor was insolvent;*
> *(4) made-*
> > *(A) on or within 90 days before the date of the filing of the petition; or*
> > *(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and*
> *(5) that enables such creditor to receive more than such creditor would receive if-*
> > *(A) the case were a case under chapter 7 of this title;*
> > *(B) the transfer had not been made; and*
> > *(C) such creditor received payment of such debt to the extent provided by the provisions of this title.*

23. 11 U.S.C. §522(g)(1) provides:

> *Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510 (c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if-*
> > *(1)*
> > > *(A) such transfer was not a voluntary transfer of such property by the debtor; and*
> > > *(B) the debtor did not conceal such property*

24. Congress has made it clear that a debtor may exempt property in which there is no equity to protect residual interests, such as a possessory interest; a lack of equity on property does not preclude the avoidance of a lien on that property. *In re Higgins*, 201 B.R. 965, 966-67 (B.A.P. 9 1996), citing H.R. Rep. No. 103-835, 103rd Cong., 2nd Sess. 52-53 (Oct. 4, 1994), reprinted in 1994 U.S.C.C.A.N. 3340, 2261-62.

25. *11 U.S.C. §522(h) provides:*

> *The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if-*
>> *(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724 (a) of this title or recoverable by the trustee under section 553 of this title; and*
>> *(2) the trustee does not attempt to avoid such transfer.*

26. At the time of filing the bankruptcy case, the Fair Market Value of the Real Property located at 916 Winston Drive was $310,000.00, of which voluntary encumbrances exist in the amount of $420,991.80. Plaintiffs' Schedule D filed in their Bankruptcy case is attached hereto as **Exhibit E** and incorporated herein.

27. Since the filing of the bankruptcy case, the Real Property has declined in value, and is now worth approximately $191,000.

28. A lien will be deemed to impair an exemption, even when there is no equity in the property, if the sum of all the liens on the property and the hypothetical value of the exemption without liens exceeds the value of the debtors' interest in the property in the absence of liens. See *In re Higgins,* 201 B.R. 965, 967-968. B.A.P. 9, 1996.

29. The Amount of the Lien to be Avoided is **$697,484.32** plus all accrued interest, pursuant to 11 U.S.C. §522(f).

30. DEFENDANTS, by recording the abstract of judgment, affected a transfer of interest in PLAINTIFFS' real estate. This transfer benefitted DEFENDANT, a creditor, on account of an antecedent debt. This transfer was made while the PLAINTIFFS were insolvent **(23) days prior** to the filing of the bankruptcy case and enabled DEFENDANT to receive a property interest that it would have not received otherwise.

31. As a consequence of the above, the trustee could have avoided the transfer, nevertheless, they did not.

32. Therefore, PLAINTIFFS may avoid the transfer.

///

///

///

## VI.

## PRAYERS FOR RELIEF

**WHEREFORE,** the PLAINTIFFS, having set forth their claims for relief against the
DEFENDANTS, respectfully pray of the Court against the DEFENDANT, as follows:

A.    An Order against DEFENDANT for the cancellation and avoidance of the lien
held on PLAINTIFFS' property; and;

B.    Such other and further relief as the Court may deem just and proper.


Respectfully submitted,

**DOAN LAW FIRM, LLP**

Dated: October 22, 2009          By: _Karen S. _____

Karen S. Spicker, Esq.
Attorney for Plaintiffs

# Exhibit A

B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>Southern District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Ma, Roger Huu | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Entzminger-Ma, Terri |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>AKA Roger H Ma; AKA Roger Moss; AKA Roger L Ma | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>AKA Terri Entzminger; AKA Terri E Ma; AKA Terri Ma; AKA<br>Terri M Ma; AKA Terri Entzmingerma |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>xxx-xx-4217 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>xxx-xx-5036 |
| Street Address of Debtor (No. and Street, City, and State):<br>1484 Bradley Place<br>Chula Vista, CA<br><div align="right">ZIP Code<br>91911</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br>1484 Bradley Place<br>Chula Vista, CA<br><div align="right">ZIP Code<br>91911</div> |
| County of Residence or of the Principal Place of Business:<br>San Diego | County of Residence or of the Principal Place of Business:<br>San Diego |
| Mailing Address of Debtor (if different from street address):<br>1484 Bradley Place<br>Chula Vista, CA<br><div align="right">ZIP Code<br>91911</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br>■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☐ Debts are primarily business debts. |

| Filing Fee (Check one box)<br>■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B6F (Official Form 6F) (12/07) - Cont.

In re    Roger Huu Ma,                                    Case No. _____
         Terri Entzminger-Ma
_____
                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxx8509<br><br>LaSalle Bank<br>1350 East Touhy Avenue<br>Suite 280 W<br>Des Plaines, IL 60018 | | C | 8/2004<br>Apartement Complex:<br>14600 Euclid Avenue<br>Cleveland, Ohio 44122<br>Judicial Foreclosure entered: 12/5/2007 -<br>JL07312903 - Notice of Entry of Judgment<br>Sister-State Judgement entered: 1/4/2008<br>-Potential Deficiency Balance, but amount known. | | | | Unknown |
| Account No.<br><br>Representing:<br>LaSalle Bank | | | Pite Duncan, LLP<br>525 E. Main St.<br>P.O. Box 12289<br>El Cajon, CA 92022 | | | | |
| Account No. Invoice 4151<br><br>Robert Fulton<br>dba Fulton Plumbing & Heating<br>810 S. Bolton Street<br>Amarillo, TX 79104 | | C | 4/2006<br>Mechanics lien on foreclosed property, for work -<br>heating and plumbing. | | | | Unknown |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. _2_ of _2_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     0.00

Total
(Report on Summary of Schedules)     102,334.76

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

Home Depot
PO Box 6028
The Lakes, NV 88901


Homecomings Financial
PO Box 890036
Dallas, TX 75389


Homecomings Financial
P. O. Box 650515
Dallas, TX 75265


Homecomings Financial
P. O. Box 650515
San Diego, CA 92105


Homecomings Financial
PO Box 78426
Phoenix, AZ 85062


Joseph Oliver, Attorney at Law
230 White Pond Drive, Suite A
Akron, OH 44313


LaSalle Bank
1350 East Touhy Avenue
Suite 280 W
Des Plaines, IL 60018


Pite Duncan, LLP
525 E. Main St.
P.O. Box 12289
El Cajon, CA 92022


Robert Fulton
dba Fulton Plumbing & Heating
810 S. Bolton Street
Amarillo, TX 79104

# Exhibit B

B6A (Official Form 6A) (12/07)

In re    Roger Huu Ma,                                 Case No. _____

          Terri Entzminger-Ma

_____,
                             Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Single Family Residence<br>1484 Bradley Place<br>Chula Vista, CA 91911<br>4 BR 2.5 BA<br>Purchased 2001 - $340,000 | | C | 475,000.00 | 476,000.00 |
| Single Family Home<br>916 Winston Drive<br>San Diego, CA 92114<br>3 BR 2 BA<br>Purchased 2003 - $257,000 | | C | 310,000.00 | 420,991.80 |
| Single Family Home<br>5320 Lea Street<br>San Diego, CA 92105<br>3 BR 1 BA<br>Purchased 1998 - $96,000 | | C | 292,500.00 | 306,000.00 |

|  |  |  |
|---|---|---|
| Sub-Total > | 1,077,500.00 | (Total of this page) |
| Total > | 1,077,500.00 | |

  0   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                        Best Case Bankruptcy

# Exhibit C

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Southern District of California

In re    Roger Huu Ma,
       Terri Entzminger-Ma

Case No. _____

Debtors

Chapter_____7_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 8,915.93 |
| Average Expenses (from Schedule J, Line 18) | 10,909.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 5,931.69 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 125,491.80 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 102,334.76 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 227,826.56 |

# Exhibit D

B18
(Official Form 18)
(12/07)

## United States Bankruptcy Court
Southern District of California
Jacob Weinberger U.S. Courthouse
325 West F Street
San Diego, CA 92101-6991

Telephone: 619-557-5620
Website: www.casb.uscourts.gov
Hours: 9:00am-4:00pm Monday-Friday

In re:  *Debtor name(s) used by the debtor in the last 8 years,*
*including married, maiden, trade, and address:*

**Roger Huu Ma**
 1484 Bradley Place
Chula Vista, CA 91911

Social Security No.:  xxx-xx-4217
*Debtor Aliases:*  Roger H. Ma;Roger Moss;Roger L. Ma

**Terri Entzminger-Ma**
 1484 Bradley Place
Chula Vista, CA 91911

Social Security No.:  xxx-xx-5036
*Joint Debtor Aliases:*  Terri E. Ma;Terri Entzminger;Terri Ma;Terri
Entzmingerma;Terri M. Ma

Case number:  08-03586-PB7
Chapter: 7
Judge Peter W. Bowie

**Discharge of Debtor**

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:**    The debtor is granted a discharge under
§727 of title 11, United States Code, (the Bankruptcy Code).

Dated: 7/29/08

By order of the court:

Barry K. Lander
Clerk of the Bankruptcy Court

## SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION

B18 (Official Form 18)(12/07) – Continued

## EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named as the debtor(s). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

<u>Collection of Discharged Debts Prohibited</u>

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.]* A creditor who violates this order can be required to pay damages and attorney's fees to the debtor(s).

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

<u>Debts That are Discharged</u>

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

<u>Debts that are Not Discharged</u>

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

      a. Debts for most taxes;
      b. Debts incurred to pay nondischargeable taxes (applies to cases filed on or after 10/17/2005);
      c. Debts that are domestic support obligations;
      d. Debts for most student loans;
      e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
      f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
      g. Some debts which were not properly listed by the debtor;
      h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
      i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.
      j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans. (applies to cases filed on or after 10/17/2005)

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| District/off: 0974-3 | User: admin | Page 1 of 1 | Date Rcvd: Jul 29, 2008 |
| Case: 08-03586 | Form ID: b18 | Total Served: 23 | |

The following entities were served by first class mail on Jul 31, 2008.
```
db          +Roger Huu Ma,    1484 Bradley Place,    Chula Vista, CA 91911-6935
jdb         +Terri Entzminger-Ma,    1484 Bradley Place,    Chula Vista, CA 91911-6935
aty         +Shawn A. Doan,    Doan Law Firm, LLP,    320 East Second Avenue, Ste. 108,
             Escondido, CA 92025-4222
tr          +Gregory A. Akers,    P. O. Box 26219,    San Diego, CA 92196-0219
smg         +Div. of Labor Standards Enforcement,    7575 Metropolitan Drive, Suite 210,
             San Diego, CA 92108-4424
smg         +Dun & Bradstreet,    Attn: Public Records, Maryanne Bachert,    899 Eaton Ave.,
             Bethlehem, PA 18025-0025
smg         +Employment Develop. Dept., State of CA,    Bankruptcy Unit - MIC 92E,    P.O. Box 826880,
             Sacramento, CA 94280-0001
smg         +State Board of Equalization,    P.O. Box 942879,    Sacramento, CA 94279-0001
11453799    +Assured Credit Services,    C/O Ron Williamitis,    2541 Far Hills Ave.,    Dayton, OH 45419-1572
11453815    +Fulton Plumbing & Heating,    810 S. Bolton St.,    Amarillo, TX 79104-2308
11453806    +GMAC,    PO Box 4622,    Waterloo, IA 50704-4622
11486460    +Homecomings Financial, LLC,    C/O Pite Duncan, LLP,    PO Box 12289,    El Cajon, CA 92022-2289
11453812    +Joseph Oliver, Esq.,    230 White Pond Dr., #A,    Akron, OH 44313-7239
11453813    +LaSalle Bank,    1350 E. Touhy Ave., #280,    Des Plaines, IL 60018-3303
11453807    +The Home Depot,    PO Box 6028,    The Lakes, NV 88901-6028
```

The following entities were served by electronic transmission on Jul 30, 2008.
```
smg          EDI: CALTAX.COM Jul 30 2008 03:03:00    Franchise Tax Board,    Attn: Bankruptcy,
             P.O. Box 2952,    Sacramento, CA  95812-2952
smg          E-mail/PDF: ustp.region15@usdoj.gov Jul 30 2008 06:16:08    Office of the U.S. Trustee,
             402 West Broadway, Ste. 600,    San Diego, CA 92101-8511
ust          E-mail/PDF: ustp.region15@usdoj.gov Jul 30 2008 06:16:08    United States Trustee,
             Office of the U.S. Trustee,    402 West Broadway, Suite 600,    San Diego, CA  92101-8511
11453798     Fax: 800-208-8123 Jul 30 2008 06:13:54    American General Finance,    PO Box 54770,
             Los Angeles, CA 90054-0770
11453800    +EDI: HFC.COM Jul 30 2008 03:03:00    Best Buy,    PO Box 60148,    City Of Industry, CA 91716-0148
11453801    +EDI: CBCSI.COM Jul 30 2008 03:03:00    CBCS,    PO Box 1838,    Columbus, OH 43216-1838
11453802    +EDI: CHASE.COM Jul 30 2008 03:03:00    Chase,    PO Box 94014,    Palatine, IL 60094-4014
11453804     EDI: DISCOVER.COM Jul 30 2008 03:03:00    Discover Bank,    PO Box 30395,
             Salt Lake City, UT 84130-0395
```
                                                                              TOTAL: 8

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
11453803     Daniel Josic
```
                                                                              TOTALS: 1, * 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 31, 2008                    Signature:    _Joseph Speetjens_

# Exhibit E

B6D (Official Form 6D) (12/07)

In re    Roger Huu Ma,                                  Case No. _____
           Terri Entzminger-Ma

<div align="center">Debtors</div>

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxx1882<br><br>GMAC<br>P. O. Box 4622<br>Waterloo, IA 50704 | | C | 6/05<br>2nd Deed of Trust<br>Single Family Home<br>916 Winston Drive<br>San Diego, CA 92114<br>3 BR 2 BA<br>Purchased 2003 - $257,000 | | | | | |
| | | | Value $       310,000.00 | | | | 94,196.14 | 94,196.14 |
| Account No. xxxxxx2903<br><br>Homecomings Financial<br>PO Box 890036<br>Dallas, TX 75389 | | C | 11/04<br>1st Deed of Trust<br>Single Family Home<br>5320 Lea Street<br>San Diego, CA 92105<br>3 BR 1 BA<br>Purchased 1998 - $96,000 | | | | | |
| | | | Value $       292,500.00 | | | | 306,000.00 | 13,500.00 |
| Account No. xxxxxx5636<br><br>Homecomings Financial<br>PO Box 890036<br>Dallas, TX 75389 | | C | 12/04<br>1st Deed of Trust<br>Single Family Residence<br>1484 Bradley Place<br>Chula Vista, CA 91911<br>4 BR 2.5 BA<br>Purchased 2001 - $340,000 | | | | | |
| | | | Value $       475,000.00 | | | | 476,000.00 | 1,000.00 |
| Account No. xxxxxx3199<br><br>Homecomings Financial<br>PO Box 890036<br>Dallas, TX 75389 | | C | 12/04<br>1st Deed of Trust<br>Single Family Home<br>916 Winston Drive<br>San Diego, CA 92114<br>3 BR 2 BA<br>Purchased 2003 - $257,000 | | | | | |
| | | | Value $       310,000.00 | | | | 326,795.66 | 16,795.66 |
| | | | Subtotal<br>(Total of this page) | | | | 1,202,991.80 | 125,491.80 |
| | | | Total<br>(Report on Summary of Schedules) | | | | 1,202,991.80 | 125,491.80 |

<u>  0  </u>   continuation sheets attached